# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 160

OCTOBER TERM, A.D. 2014

December 11, 2014

STATE OF WYOMING ex rel.
WYOMING DEPARTMENT OF
TRANSPORTATION,

Appellant
(Respondent),

v.

S-14-0074

MARK ICENHOWER,

Appellee
(Petitioner).

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Peter K. Michael, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Jackson M. Engels, Senior Assistant Attorney General

*Representing Appellee:*
No appearance

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Mark Icenhower was arrested for driving while under the influence of alcohol. The arresting highway patrol trooper read him the statutorily required implied consent advisement before requesting that he submit to a breath test.  Mr. Icenhower initially refused to take the test until the trooper said that a search warrant would be obtained and that Mr. Icenhower could be taken to the hospital, tied down, and have blood drawn. After considering that scenario, he submitted to a breath test, which he failed.  The trooper then issued Mr. Icenhower a notice of license suspension.

[¶2]    Mr. Icenhower requested a contested case hearing before the Office of Administrative Hearings (OAH).  He asserted that there was no probable cause to arrest him, and that he was not given the proper implied consent advisement due to the trooper's statements concerning the potential forced blood draw.  The Wyoming Department of Transportation (WYDOT) responded in support of its proposed statutory ninety day suspension.  A contested case hearing was held, and after considering the evidence, the hearing examiner upheld the proposed suspension.  Mr. Icenhower then filed a petition for review in the district court.  Although it concluded there was substantial evidence for the examiner's finding of probable cause, the district court determined that Mr. Icenhower was misled and tricked into submitting to the breath test by the trooper's statements about forcibly obtaining a blood sample if he did not cooperate.  As a result, it reversed the OAH.

[¶3]    WYDOT timely perfected its appeal to this Court and challenges the district court's order.  We reverse the district court's decision and remand for reinstatement of the OAH's order upholding the suspension.

## ISSUE

[¶4]    WYDOT presents the following issue, which we have abridged:

> Did the hearing examiner err as a matter of law in concluding that the patrolman did not illegally coerce Icenhower into undergoing a chemical test of his breath?

## FACTS

[¶5]    On a summer night in 2011, Highway Patrol Trooper Tyrel Cross stopped Mr. Icenhower's vehicle because he failed to signal when changing lanes.  While talking to him, Trooper Cross smelled the odor of alcohol emanating from inside the vehicle.  The trooper asked Mr. Icenhower if he had been drinking, and he admitted he had been, but not very much.  Three field sobriety tests were conducted, and Icenhower failed them all.

1

[¶6]   Based on his observations and the results of the field sobriety tests, Trooper Cross informed Mr. Icenhower that he was under arrest for Driving While Under the Influence (DWUI).  He then read him the standard implied consent advisement required by Wyo. Stat. Ann. § 31-6-102(a)(ii).[1]   Although Mr. Icenhower eventually submitted to a breath test, he initially declined, as the following dialogue reflects:

> *Trooper Cross*:  Sir, you are under arrest and charged with DWUI under Wyoming state statute 31-5-233.  Do you understand that?
>
> *Mr. Icenhower*:  Yes, sir.
>
> *Trooper Cross*:  Okay.  You are required to take a chemical test or tests to determine the quantity of alcohol or controlled substance present.  If you refuse to comply with these requirements, I am authorized to apply for a search warrant. Do you understand that?[2]
>
> *Mr. Icenhower*:  Yes, sir.
>
> *Trooper Cross*:  Proceedings under the implied consent law are civil in nature, not criminal and as a matter of law you have no right to consult with an attorney before taking a chemical test or tests of your blood, breath, or urine, do you understand that?
>
> *Mr. Icenhower*:  Um, explain it.  So I can't call for an attorney?
>
> *Trooper Cross*:  Not for this, sir.
>
> *Mr. Icenhower*:  Okay.
>
> *Trooper Cross*:  Because this is a civil matter.
>
> *Mr. Icenhower*:  Okay.
>
> *Trooper Cross*:  If the results of the test indicate that you are under the influence of alcohol or any controlled substance

---

[1] Trooper Cross read the implied consent advisement from a card provided to him by WYDOT that reflected the July 1, 2011 changes to Wyoming's implied consent laws.

[2] While Trooper Cross was making this statement, transmissions on his radio interrupted him, and he therefore read this portion to Mr. Icenhower again.

you may be subject to criminal penalties, and your driving privileges will be suspended for ninety days, and you may be required to drive only vehicles equipped with ignition Interlock device.  Do you understand that?

*Mr. Icenhower*:  Yes, sir.

*Trooper Cross*:  After undergoing all tests requested by me, at a place and in a manner proscribed by and at the expense of my agency, you may be taken to the nearest hospital or clinic to secure any additional tests at your own expense, do you understand that?

*Mr. Icenhower*:  Yes, sir.

*Trooper Cross*:  I am requesting you to take a breath test at my agency's expense, do you agree to take the test?

*Mr. Icenhower*:  No.

*Trooper Cross*:  So, did you, did you hear what I said?

*Mr. Icenhower*:  Well, my understanding is that either take your test or take another test, is that correct?

*Trooper Cross*:  No.  You are required by law to take my test.

*Mr. Icenhower*:  Okay.

*Trooper Cross*:  Okay?  Umm, so if you don't take this test, we can apply for a search warrant.  And then we'll take you to the hospital, and we'll have to tie you down, and draw blood.

*Mr. Icenhower*:  Tie me down?

*Trooper Cross*:  Yeah.  That's what we'll do.

*Mr. Icenhower*:  Really?  I think that's unnecessary.

*Trooper Cross*: Okay. Well.

*Mr. Icenhower*:  I understand.

*Trooper Cross*:  How about you just give the breath test?

*Mr. Icenhower*:  Okay.

*Trooper Cross*:  Do you agree to give the breath test?

*Mr. Icenhower*:  I'd rather have my attorney make that choice for me.

*Trooper Cross*:  Okay.  Well sir, this is a civil matter so you are not allowed to do that.  You can't contact an attorney for this.  That's why I am reading you this.  This is . . . See this card?

*Mr. Icenhower*:  Yes.

*Trooper Cross*:  This is an official card.

*Mr. Icenhower*:  I can see it, but I can't read all of it.

*Trooper Cross*:  Alright.

*Mr. Icenhower*:  But can I have an attorney read all of it?

*Trooper Cross*:  No.  Would you like me to read this to you one more time?

*Mr. Icenhower*:  No.  I'd rather have an attorney do it.

*Trooper Cross*:  Okay.  But sir, you can't contact an attorney for this particular scenario.

*Mr. Icenhower*:  Well, I'm confused.  So I don't have the privilege of counsel?

*Trooper Cross*:  No.  I'll read this to you one more time.

*Mr. Icenhower*:  Let me ask you a question sir:  I don't have the privilege of counsel?

*Trooper Cross*:  Not for this.  This is a civil matter between you and the state of Wyoming, this isn't a criminal thing, okay?

*Mr. Icenhower*:  Does it become criminal at some point in time?

*Trooper Cross*:  Sir, either way, I'm going to charge you with DUI.

*Mr. Icenhower*:  I understand that.

*Trooper Cross*:  So, no, this is the . . . because . . . listen to . . . I'll read this to you one more time.  Proceedings under the implied consent law are civil in nature, not criminal.  As a matter of law you have no right to consult with an attorney before deciding, before taking a chemical test.

*Mr. Icenhower*:  But then, I may as well do what you're, what you're suggesting.

*Trooper Cross*:  What's that?

*Mr. Icenhower*:  I may as well do what you suggest.

*Trooper Cross*:  I am asking you take the breath test.

*Mr. Icenhower*:  Okay.

[¶7]   Mr. Icenhower was then transported to the Laramie County detention center where he was administered a chemical breath test using an Intoximeter EC/IR II machine.  The test revealed that his blood alcohol concentration (BAC) was .159%.  As a result, WYDOT gave him notice that his license was suspended for ninety days.

## STANDARD OF REVIEW

[¶8]   Our standard of review regarding agency action has been set forth in many cases, and requires no embellishment here:

> We accord no deference to a district court decision reviewing an administrative agency order. Instead, we review the case as if it came directly from the administrative agency.

5

Our review is governed by Wyo. Stat. Ann. § 16-3-114(c)
. . . .

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Where both parties present evidence at an administrative hearing, we review the entire record to determine if the agency findings are supported by substantial evidence. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Phrased another way, findings of fact are supported by substantial evidence if, from the evidence preserved in the record, we can conclude a reasonable mind might accept the evidence as adequate to support the agency findings. We review the agency's conclusions of law de novo

*Batten v. Wyoming Dep't of Transp. Drivers' License Div.*, 2007 WY 173, ¶¶ 6-7, 170 P.3d 1236, 1239-40 (Wyo. 2007) (internal citations and quotation marks omitted).

**DISCUSSION**

[¶9]    This appeal arises from an administrative suspension of Mr. Icenhower's driver's license for driving while under the influence of alcohol, which is a civil matter and not a criminal charge.  The scope of an OAH hearing on a driver's license suspension for DWUI is limited by statute to the following:

> (b) The scope of a hearing for the purposes of this act shall cover the issues of whether a peace officer had probable cause to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon a public street or highway in this state in violation of W.S. 31-5-233(b) or any other law prohibiting driving under the influence as defined by W.S. 31-5-233(a)(v), whether the person was placed under arrest, or if a test was administered, whether the test results indicated that the person had an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, and **whether, except for the persons described in this act who are incapable of cooperating with the administration of the test, he had been given the advisements required by W.S. 31-6-102(a)(ii)**.

Wyo. Stat. Ann. § 31-6-103(b) (LexisNexis 2013) (emphasis added).

[¶10] Wyoming law provides that every driver on Wyoming roads is deemed to have consented to chemical testing upon an arrest for DWUI.  Wyo. Stat. Ann. § 31-6-102(a)(i) (LexisNexis 2013).  At the time of Mr. Icenhower's arrest, Wyoming's most recent changes to the implied consent laws were in effect.  *See* 2011 Wyo. Sess. Laws ch. 178.  After a lawful arrest has been made, this implied consent statute requires law enforcement to read the following specific advisements before administering a BAC chemical test:

> (ii) For tests required under this act, the arrested person shall be advised that:
>
>> (A) Repealed by Laws 2011, ch. 178, § 2 [eff. July 1, 2011].
>
>> (B) If the results of the test indicate the person is under the influence of alcohol or a controlled substance, he may be subject to criminal penalties, his Wyoming driver's license or his privilege to operate a motor vehicle shall be suspended for

ninety (90) days and he may be required to drive only vehicles equipped with an ignition interlock device;

(C) After undergoing all chemical tests required by the peace officer at a place and in a manner prescribed by and at the expense of the agency employing the peace officer, the arrested person may go to the nearest hospital or clinic and secure any additional tests at his own expense;

.   .   .

Wyo. Stat. Ann. § 31-6-102(a)(ii).

[¶11]   If a person refuses to take the requisite test after being read these advisements, law enforcement is permitted to apply for a search warrant, which will be granted if probable cause exists.   The officer can then administer a chemical test of the agency's choice, including a blood draw.  *See* Wyo. Stat. Ann. §§ 31-6-102(a)-(d).  The statute states in pertinent part:

(d) If a person under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the agency employing the peace officer as provided in subsection (a) of this section, none shall be given except in cases where serious bodily injury or death has resulted or upon issuance of a search warrant. A test of the agency's choice may be administered upon issuance of a warrant, including a remotely communicated search warrant, when reasonable under the circumstances and as provided in this subsection. . . .

Wyo. Stat. Ann. § 31-6-102(d).

[¶12]   Guided by these statutes, we turn to WYDOT's argument that Mr. Icenhower was indeed given the proper implied consent advisement.  The results of a BAC chemical test may be suppressed in driver's license suspension proceedings if an individual is "tricked or misled" with respect to his or her implied consent advisements. *Walters v. State ex rel. Wyoming Dep't of Transp.*, 2013 WY 59, ¶ 12, 300 P.3d 879, 883 (Wyo. 2013).  But when a law enforcement officer tells a suspect that he intends to do something that he is legally authorized to do under the circumstances, his conduct is not misleading and does not amount to trickery. The officer instead just correctly informs the individual of his legal situation. *Id.*; *cf.* 4 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment,* § 8.2(c), at 92-100 (5th ed. 2012).

[¶13]  As the excerpt of the recording quoted above established, Trooper Cross read Mr. Icenhower the implied consent advisements required by § 31-6-102(a)(ii) in their entirety. He also advised him that if he refused to take the breath test, he could apply for a warrant to obtain a blood draw.  Mr. Icenhower said that he understood all of this.  When he refused to take the breath test, Trooper Cross further explained that

> if you don't take this test, we can apply for a search warrant.
> And then we'll take you to the hospital, and we'll have to tie
> you down, and draw blood.

[¶14]  After reviewing the audio/video recording of the entire dialogue between Trooper Cross and Mr. Icenhower, the OAH hearing examiner determined that "there was no unreasonable threat and Icenhower was read the proper advisement."  We too have examined the recording and we agree with the OAH.  The implied consent advisements provided by Trooper Cross, *see supra* ¶ 6, neither tricked nor misled Icenhower.  Rather, they informed him in easily understandable terms of the action that might be taken to complete the requisite chemical BAC test.  The OAH and the district court both determined that probable cause existed, which means that the trooper could in fact have lawfully obtained a search warrant to forcibly extract blood for testing without consent.

[¶15]  While Mr. Icenhower might have cooperated and sat stock-still at the hospital while his blood was being drawn, thus negating the need to restrain him for his and the hospital personnel's safety, the implied consent statutes contemplate restrictive measures when one is uncooperative and interferes with administration of the test.  Trooper Cross's advisement regarding the possible scenario for obtaining a search warrant and a forcible blood draw based upon it was not misleading, and it did not trick Mr. Icenhower into consenting to the breath test.

[¶16]  The OAH's determination that he was properly advised under Wyo. Stat. Ann. § 31-6-102(a)(i), (ii) was supported by substantial evidence and was not contrary to the law.  Applying the proper standard of review, we can only conclude that the hearing examiner correctly found that Mr. Icenhower was adequately advised as required by statute and not tricked or misled.

[¶17]  Reversed and remanded for reinstatement of the OAH's order upholding the suspension of Mr. Icenhower's driver's license.